1156199.2

WATANABE ING LLP
A Limited Liability Law Partnership

JONATHAN W. Y. LAI      6504-0
THOMAS H. YEE           7344-0
First Hawaiian Center
999 Bishop Street, Suite 1250
Honolulu, Hawaii 96813
Telephone No.: (808) 544-8300
Facsimile No.: (808) 544-8399
Email: jlai@wik.com / tyee@wik.com

Attorneys for Defendant
PEARL HAWAII FEDERAL CREDIT UNION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| EILEEN ULULANI PILIGRINO, | Civil No. CV23-00058 DKW-KJM |
|---|---|
| Plaintiff, | DEFENDANT PEARL HAWAII FEDERAL CREDIT UNION'S ANSWER TO COMPLAINT FILED JANUARY 30, 2023; CERTIFICATE OF SERVICE |
| vs. | |
| EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; and PEARL HAWAII FEDERAL CREDIT UNION, | |
| Defendants. | |

**DEFENDANT PEARL HAWAII FEDERAL CREDIT UNION'S
ANSWER TO COMPLAINT FILED JANUARY 30, 2023**

Comes now Defendant PEARL HAWAII FEDERAL CREDIT UNION

("***PHFCU***") by and through its attorneys WATANABE ING LLP and for an

answer to Plaintiff EILEEN ULULANI PILIGRINO's ("*Plaintiff*") COMPLAINT filed herein on January 30, 2023 as Dkt 1 (the "*Complaint*"), alleges and avers as follows:

## FIRST DEFENSE

1. The Complaint fails to state a claim against PHFCU upon which relief can be granted.

## SECOND DEFENSE

2. PHFCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 1, 2, 6, 18, 19, 20, 21, 22, 23, 24, 27, 28, 29, 30, 34, 35, 37, 38, 40, 41, 42, 43, 48, 49, 50, 52, 57, 59, 60, 66, 67, 68, 69, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 89, 90, 91, 92, 95, 96, 101, 102, 105, 106, 113, 114, 115, 124, 125, 129, and 135 of the Complaint and on that basis denies the same.

3. PHFCU denies the allegations contained in paragraphs 3, 36, 58, 61, 62, 63, 64 and 71.

4. With respect to the allegations contained in paragraphs 4, 5, 7, 9, 10, 11, 12, 51, 70, 72, 76, 88, 90, 93, 99, 100, 103, 104, 107, 112, 116, 117, 118, 119, 130, 131, 132, 134, 136 and 137, PHFCU states that said paragraphs contain legal conclusions that do not require a response. To the extent that said allegations include factual allegations or otherwise require a response, PHFCU is without

knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and on that basis denies the same.

5. In response to the allegations contained in paragraph 8, PHFCU admits that it is a financial institution, that it extends credit to consumers, that it collects those debts owed to it, that it is located at 94-449 Ukee Street, Waipahu, Hawaii 96797 and that its principal place of business is in Hawaii. The allegation that PHFCU "is also a 'furnisher,' as provided in 15 U.S.C. § 1681s-2" contains a legal conclusion that does not require a response. With regard to the allegation that PHFCU "is regularly engaged in the business of furnishing credit information to the credit reporting agencies," absent a proper definition of the terms used therein, PHFCU is without knowledge or information sufficient to form a belief as to truth or falsity of this allegation and on that basis denies the same. In response to any remaining allegations contained in paragraph 8, PHFCU is without information or knowledge sufficient to form a belief as to the truth or falsity thereof and on that basis denies the same.

6. In response to the allegations contained in paragraphs 13, 14 and 15, PHFCU states that the legislative actions of the United States Congress are within the general public knowledge, and denies any allegation in contravention thereof.

7. In response to the allegations contained in paragraphs 16, 17, 25 and 26, absent proper definitions of the terms employed therein, at this time PHFCU

lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and on that basis denies the same.

8. PHFCU admits the allegations contained in paragraphs 31, 32 and 33 of the Complaint.

9. In response to the allegations contained in paragraphs 39, 44, 45, 46, 47, 53, 54, 55, 56, 97 and 98, the documents referenced therein speak for themselves, and to the extent any of the allegations therein mischaracterize or misquote said documents, PHFCU denies the same. With respect to the remaining allegations contained in paragraphs 39, 44, 45, 46, 47, 53, 54, 55, 56, 97 and 98, PHFCU is without information or knowledge sufficient to form a belief as to the truth or falsity thereof and on that basis, denies the same.

10. In response to the allegations contained in paragraphs 65 and 73, absent proper definitions of the terms employed therein, at this time PHFCU lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and on that basis denies the same. PHFCU further states that said paragraphs contain legal conclusions that do not require a response. To the extent that said allegations include factual allegations or otherwise require a response, PHFCU is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and on that basis denies the same.

11. In response to the allegations contained in paragraph 86, PHFCU repeats and realleges its responses to paragraphs 1-85, incorporating them by reference therein. PHFCU further states that the allegations in paragraph 86 contain a legal conclusion and therefore do not require a response. With regard to any remaining allegations in paragraph 86, PHFCU is without information or knowledge sufficient to form a belief as to the truth or falsity thereof and on that basis denies the same.

12. In response to the allegations contained in paragraphs 87, 94, 108, 109, 110, 111, 121 and 122, PHFCU states that the Fair Credit Reporting Act, along with related case law, speak for themselves and to the extent that any of the allegations therein misquote or mischaracterize the language of the Fair Credit Reporting Act and/or related case law, PHFCU denies said allegations as stated. To the extent the allegations contained in paragraphs 87, 94, 108, 109, 110, 111, 121 and 122 contain legal conclusions, they do not require responses. To the extent that said allegations include factual allegations or otherwise require a response, PHFCU is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and on that basis denies the same.

13. In response to the allegations contained in paragraph 120, PHFCU repeats and realleges its responses to paragraphs 1-119, incorporating them by reference therein. PHFCU further states that the allegations in paragraph 120

contain a legal conclusion and therefore do not require a response. With regard to any remaining allegations in paragraph 120, PHFCU is without information or knowledge sufficient to form a belief as to the truth or falsity thereof and on that basis denies the same.

14. To the extent the allegations in paragraphs 123, 126, 127, 128 and 133 contain legal conclusions, they do not require a response. Moreover, absent proper definitions of the terms employed therein, at this time PHFCU lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and on that basis denies the same.

## THIRD DEFENSE
### (Waiver)

15. Plaintiff is barred from maintaining this action against PHFCU based upon the doctrine of waiver.

## FOURTH DEFENSE
### (Estoppel)

16. Plaintiff is barred from maintaining this action against PHFCU based upon the doctrine of estoppel.

## FIFTH DEFENSE
### (Unclean Hands)

17. Plaintiff is barred from maintaining this action against PHFCU based upon the doctrine of unclean hands.

## SIXTH DEFENSE
### (Lack of Damages)

18. Plaintiff is barred from maintaining this action against PHFCU because Plaintiff has not suffered any compensable damages.

## SEVENTH DEFENSE
### (Failure to Mitigate Damages)

19. Plaintiff failed to mitigate her damages, if any.

## EIGHTH DEFENSE
### (Statute of Limitations)

20. Plaintiff is barred from maintaining this action against PHFCU based upon the applicable statute of limitations.

## NINTH DEFENSE
### (Mootness)

21. Plaintiff is barred from maintaining this action against PHFCU because the questions presented in the action are moot.

## TENTH DEFENSE
### (Cannot Establish Cause of Action)

22. Plaintiff is barred from maintaining this action because Plaintiff cannot establish all the elements required for each cause of action alleged against PHFCU.

//

//

//

## ELEVENTH DEFENSE
### (Good Faith)

23.     PHFCU alleges that it is excused from any and all liability under the facts alleged in Plaintiff's claims for relief, because at all material times, PHFCU acted in good faith and conducted all material transactions in compliance with the applicable law, statutory and otherwise, and/or its conduct was unintentional.

## TWELFTH DEFENSE
### (Lack of Causation)

24.     PHFCU alleges that any alleged conduct or omission by PHFCU was not the direct or proximate cause in any of the injuries and/or damages claimed by Plaintiff.

## THIRTEENTH DEFENSE
### (Direct and Proximate Result of Other Parties/Contributory/Comparative Fault)

25.     PHFCU is neither liable nor responsible to Plaintiff herein for the alleged damages or injuries to Plaintiff, if any whatsoever, because any damages or injuries sustained by Plaintiff herein were the direct and proximate result of the independent, intervening negligence and/or intentional conduct of Plaintiff and/or persons or entities other than PHFCU.

26.     The acts of Plaintiff and/or any persons or entities other than PHFCU equaled or exceeded any alleged negligence or wrongdoing by PHFCU in causing any alleged damages or injuries to Plaintiff.

## FOURTEENTH DEFENSE
### (Excuse, Justification/Privilege)

27. PHFCU alleges that its conduct was excused, justified and/or privileged.

## FIFTEENTH DEFENSE
### (Truth/Accuracy of Information)

28. All claims against PHFCU are barred because any information PHFCU communicated to any third person regarding Plaintiff was true.

## SEVENTEENTH DEFENSE
### (Reservation of Rights)

29. PHFCU reserves the right to assert additional affirmative defenses, at such time and to such extent as warranted by discovery and the factual developments in this case.

DATED: Honolulu, Hawaiʻi, March 17, 2023.

/s/ Thomas H. Yee
JONATHAN W.Y. LAI
THOMAS H. YEE
Attorneys for PEARL HAWAII
FEDERAL CREDIT UNION